**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

| | | |
|---|---|---|
| RITA DIRKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| LIBERTY LIFE ASSURANCE | ) | |
| COMPANY OF BOSTON, | ) | |
| | ) | |
| THE CHARLES SCHWAB | ) | |
| CORPORATION LONG TERM | ) | |
| DISABILITY PLAN, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| THE CHARLES SCHWAB | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

# PLAINTIFF'S COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

**COMES NOW**, Plaintiff Rita Dirks, and makes the following representations to the Court for the purpose of obtaining relief from Defendants' refusal to pay long term disability benefits due under an employee benefits plan under ERISA, and for Defendant's other violations of the Employee Retirement Income Security Act of 1974 ("ERISA").

## JURISDICTION AND VENUE

1. This Court's jurisdiction over the Plaintiff's claim for long term disability benefits is invoked under federal question jurisdiction pursuant to 28 U.S.C. § 1331 and under the express jurisdiction found in the ERISA statute under 29 U.S.C. § 1132(e) (ERISA § 5-2(e)).  Plaintiff's claims "relate to" an "employee welfare benefits plan" or "plans" as

1

defined by ERISA, 29 U.S.C. § 1001 et seq., and the subject Charles Schwab Corporation Long Term Disability Plan constitutes a "plan under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2569.503-1, provide a mechanism for administrative or internal appeal of benefit denials. In this case, those avenues of approval have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Eastern District of Kentucky pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff alleges upon information and belief that Defendant Charles Schwab Corporation, Long Term Disability Plan (the "Plan"), funded by Liberty Life Assurance Company of Boston Policy #GF3-860-064556-01 is and at all relevant times was, an "employee welfare benefit plan" as defined by ERISA. According to plan documents, the Plan may be served with process by serving the Plan Administrator, Charles Schwab Corporation, at 211 Main Street, 8th Floor, San Francisco, California 94105.

5. Plaintiff alleges upon information and belief that defendant Charles Schwab Corporation (hereinafter, "Charles Schwab") is, and at all relevant times was, the Plan Administrator and/or Plan Sponsor of the Plan and of other benefit plans under which Plaintiff may be entitled to benefits pursuant to a finding of disability. Charles Schwab was also Plaintiff's employer and may be served with process at Charles Schwab Corporation, at 211 Main Street, 8th Floor, San Francisco, California 94105.

6. Plaintiff alleges upon information and belief that defendant Liberty Life Assurance Company of Boston (hereinafter "Liberty"), is the party obligated to determine eligibility

for benefits under the Plan, and the party responsible for paying benefits to claimants found disabled under the Plan. Plaintiff further alleges that the denial decisions occurred through Liberty's claims office in London, Kentucky.

7. Liberty insures the benefits due under the plan and is the party obligated to pay any benefits owed to Plaintiff by the LTD plan.  Liberty is an insurance company authorized to transact the business of insurance in this state and may be served with process through its Kentucky Department of Insurance Registered Process Agent, CSC-Lawyers Incorporating Service Company at 421 West Main Street Frankfort, KY 40601.

## **FACTS**

8. Defendant Liberty is the entity responsible for processing claims and adjudicating appeals under the Plan.

9. The Plaintiff was employed by Charles Schwab and was thereby a participant or beneficiary of the Plan and is covered by the policies that provide benefits under the Plan. The Plaintiff ceased work due to a disability while covered under the Plan.

10. The Plaintiff has been and continues to be disabled as defined by the provisions of the Plan.

11. Liberty refused to pay LTD benefits to Plaintiff despite being provided with evidence of Plaintiff's permanent disability.

12. The Plaintiff timely submitted medical evidence to Defendant Liberty in support of her claim for LTD benefits and requested that a favorable decision be made on her claim.

13. Liberty denied the claim, the Plaintiff timely appealed the denial, and the Plaintiff has now exhausted her administrative remedies for her claim for LTD benefits under the Plan pursuant to ERISA.

14. The Court's standard of review for ERISA claims is *de novo* under <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101 (1989).

15. The entity that chose to deny benefits would pay any LTD benefits due out of its own funds.

16. The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

17. The entity that made the decision to deny benefits allowed its concern over its funds to influence its decision-making.

18. The Defendant insurance company has acted under a policy to take advantage of the potential applicability of ERISA to claims.

**CAUSE OF ACTION**
**FOR PLAN BENEFITS AGAINST ALL DEFENDANTS**
**PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

PLAINTIFF incorporates all the allegations contained in paragraphs 1 through 18 as if fully stated herein and says further that:

19. Under the terms of the Plan, Defendants agreed to provide Plaintiff with long-term disability benefits in the event that Plaintiff became disabled as defined in the LTD portion of the Plan.

20. Plaintiff is disabled under the terms of the Plan.

21. Defendants failed to provide benefits due under the LTD portion of the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

22. The decision to deny benefits was wrong under the terms of the Plan.

23. The decision to deny benefits and decision-making process were arbitrary and capricious.

24. The decision to deny benefits was not supported by substantial evidence in the record.

25. The decision-making process did not provide a reasonable opportunity to the Plaintiff for a full and fair review of the decision denying the claim, as is required by 29 U.S.C. § 1133 and 29 C.F.R. 2560.503-1.

26. The appellate procedures did not provide the Plaintiff a full and fair review.

27. As ERISA fiduciaries, the Defendants owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest.

28. The Defendants violated the fiduciary duties owed the Plaintiff.

29. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled to under the Plan, and continued benefits payable when the Plaintiff remains disabled under the terms of the Plan.

30. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF requests that this Court grant her the following relief in this case:

1. A finding in favor of Plaintiff against Defendants;

2. Damages in the amount equal to the disability income benefits to which she was entitled though the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan;

5. An Order requiring the Plan Administrator to provide benefits under any other employee benefit plan in which Plaintiff was enrolled and may be entitled to benefits pursuant to a finding of disability;

6. Plaintiff's reasonable attorney fees and costs; and

7. Such other relief as this Court deems just and proper.

Dated this 6th day of June, 2011.

                Respectfully submitted,

          BY: *s/Michael D. Grabhorn*
             Michael D. Grabhorn (KBA #89842)
             *mdg@grabhornlaw.com*
             Grabhorn Law Office, PLLC
             2525 Nelson Miller Pkwy., Ste. 107
             Louisville, KY 40223
             (502) 244-9331
             FAX: (502) 244-9334

             D. Seth Holliday (TN #023136)
             (to be admitted *pro hac vice*)
             *sholliday@buchanandisability.com*
             Eric Buchanan & Associates, PLLC
             414 McCallie Avenue
             Chattanooga  TN  37402
             (423) 634-2506
             FAX:  (423) 634-2505

             ***Counsel for Plaintiff***